NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE V., | Civil Action No. 18-2219 (JLL) |
| Petitioner, | |
| v. | OPINION |
| ELAINE C. DUKE, *et al.*, | |
| Respondents. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Jose V., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, (ECF No. 2), the Government filed a response to the petition, (ECF No. 7). Petitioner did not file a reply. For the reasons set forth below, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of the Dominican Republic, who first entered this country illegally in April 1997. (ECF No. 1 at 5). During his initial stay in the United States, Petitioner amassed a substantial criminal record, including convictions for trespassing and the sale of a controlled substance in 1998, criminal trespass in 1999, passport fraud and false claim to U.S. citizenship in 2002, and forgery in 2003. (ECF No. 7-2 at 2). Based on his criminal history, Petitioner was ultimately removed from this country pursuant to a final order of removal in August 2011. (ECF No. 7-2 at 2; ECF No. 7-5 at 1).

1

Following his removal, Petitioner illegally reentered this country near the U.S./Mexico border in 2014. (ECF No. 1 at 5). On February 3, 2017. Petitioner was arrested on new drug charges, (ECF No. 7-2 at 3), and was subsequently taken into immigration custody on February 7, 2017. (ECF No. 7-14 ¶ 11). At that time, Petitioner's prior final order of removal was reinstated. (ECF No. 7-14 ¶ 11). On February 24, 2017, Petitioner refused an interview with Dominican Republic officials, so that a travel document could be attained for Petitioner. (ECF No. 7-14 ¶ 13). As part of that refusal, Petitioner asserted an asylum claim. (ECF No. 7-14 ¶ 13). Petitioner repeated this claim on February 28, 2017, and he was referred to the Newark Asylum Office to determine whether he had a reasonable fear of persecution or torture. (ECF No. 7-14 ¶ 14). On March 27, 2017, the interviewing asylum officer determined that Petitioner did not have a reasonable fear of persecution or torture, and Petitioner requested review of that determination by an immigration judge. (ECF No. 7-14 ¶ 15). In April of 2017, an immigration judge found that Petitioner established a reasonable possibility of persecution or torture, but Immigrations and Customs Enforcement served successive decisions to continue detention upon Petitioner, and on March 29, 2018, an immigration judge denied Petitioner's applications for withholding of removal. (ECF No. 7-14 ¶¶ 17–21). As of the date that the Government's answer was filed, Petitioner had not filed an appeal of this decision with the Board of Immigration Appeals. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

A federal court has jurisdiction over a petition for habeas corpus only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner

is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his petition, Petitioner contends that his detention is governed by 8 U.S.C. § 1226(c), and as such, his detention for more than six months entitles him to a bond hearing. (ECF No. 1 at 7). Petitioner also claims that, to the extent he is detained under 8 U.S.C. § 1231(a), he should be released pursuant to *Zadvydas* because there is no reasonable likelihood of his removal in the foreseeable future. (ECF No. 7-1 at 7–11).

As this Court and others in this district have determined, aliens subject to a reinstated order of removal are not subject to detention pursuant to § 1226(c) as their reinstated orders of removal are administratively final as of the date they are reinstated, notwithstanding that the alien may apply for withholding of removal. *See Manzano v. Rodriguez*, No. 17-11846, 2018 WL 1617703, at *1 ¶ n.1 (D.N.J. Apr. 3, 2018); *Pina v. Castille*, No. 16-4280, 2017 WL 935163, at *4–8 (D.N.J. Mar. 9, 2017); *see also Reyes v. Lynch*, No. 15-442, 2015 WL 5081597, at *2–3 & nn. 4–5 (D. Colo. Aug. 28, 2015). Because Petitioner is subject to a reinstated order of removal, he is not detained under § 1226(c), but instead detained pursuant to § 1231(a) pursuant to an administratively final order of removal. *Manzano*, 2018 WL 1617703, at *1; *Pina*, 2017 WL 935163, at *8. The propriety of his detention and his entitlement to relief therefrom is therefore controlled by the Supreme Court's decision in *Zadvydas*.

In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety-day statutory removal period. 533 U.S. at 683. The statute permits the Government to detain aliens beyond that ninety-day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. The Supreme Court thus established that an alien may be detained under § 1231(a) for a presumptively reasonable period of up to six months following his final order of removal. *Id.* at 701. Once the six-month period expires, an alien seeking relief must first present the Court with "'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). If an alien meets this burden, the Government can establish its continued authority to detain the alien only if it can rebut this evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner was taken into immigration custody subject to a reinstated final order of removal in February 2017. Since that time, Petitioner's application for withholding of removal has been denied, and it does not appear that Petitioner has filed an appeal with the Board of Immigration Appeals. As the deadline for Petitioner to appeal the immigration judge's decision denying his application for withholding of removal, Petitioner has failed to present the Court with any evidence indicating that his removal from the United States is unlikely as his withholding-only removal proceedings appear to have reached a conclusion. As it now appears that the Government will be able to remove Petitioner in the near future, Petitioner is not entitled to relief from immigration detention under *Zadvydas*. 533 U.S. at 701. His petition shall therefore be denied without prejudice.

4

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's habeas petition without prejudice. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court